UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-67-FDW

| | |
|---|---|
| LEONEL CHAVEZ-VALENCIA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's habeas corpus petition, brought pursuant to 28 U.S.C. § 2241, (Doc. No. 1), and on the Government's Response, (Doc. No. 13).

## I. BACKGROUND

On February 22, 2006, a grand jury in the Northern District of Illinois returned a one-count indictment against Petitioner Leonel Chavez-Valencia, charging him with conspiring to distribute cocaine. See (Crim. Case No. 5:14cr78-RLV-DSC-1, Doc. No. 1-1). Petitioner pled guilty, and on February 19, 2008, the Northern District of Illinois sentenced Petitioner to 84 months of imprisonment, followed by a five-year term of supervised release. (Id., Doc. No. 1-2). Petitioner filed this action on December 30, 2013, pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Petitioner originally filed this action in the Northern District of Illinois, and on March 19, 2014, that court transferred the petition to this Court. (Doc. No. 9). The transferring court noted in its transfer order that Petitioner was confined in this district. (Doc. No. 8). Specifically, Petitioner's own filings in this action indicate that, at the time of the transfer, he was in the BOP's Residential Reentry Program, and he was living at the Salvation Army, with an address of

1

204 Haywood St., Asheville, North Carolina. (Doc. No. 7). The Bureau of Prisons (BOP) website indicates that Petitioner was released from BOP custody on May 2, 2014.

In the petition, Petitioner contends that the BOP miscalculated his date of eligibility for release to home confinement, and he requests an order of "time-served." (Doc. No. 1 at 6; 10). He contends that "BOP staff admitted they had made a clerical error by placing Defendant in RRC/Home Confinement around one year late." (Id. at 10). Specifically, Petitioner contends that

> the Attorney General's computation . . . of the Defendant's sentence was arbitrarily and capriciously amended by BOP staff and the Warden of Terre Haute FCC . . . without Notice, due to an admitted 'staff error in entering the incorrect date' . . . , which extended Defendant's 'Release Date' to Home Confinement as per Release Procedures pursuant to 18 U.S.C. § 3621(e) from November 2, 2013, to November 5, 2014. On or about 10/1/2013, Defendant discovered the obvious error and filed a request with staff to correct. Repeatedly, BOP officials in charge of Defendant's 'Release' admitted the clerical error and insisted the earliest they could 'Release' the Defendant was nearly 3 months late.

(Id. at 6). Petitioner contends that he was entitled to be released to home confinement on November 2, 2013, but that he was not released to home confinement until three months later, on January 30, 2014. (Id. at 8). Petitioner contends that when he complained, the prison warden of Terre Haute FCC stated that the "placement date of January 30, 2014, is considered appropriate and will not be adjusted." (Id. at 10). Petitioner contends that he is "entitled to relief as the BOP has arbitrarily and capriciously withheld his 'release' claiming a 'clerical error' and ha[s] ignored the Law and Congress' Second Chance Act." (Id. at 7).

II. DISCUSSION

Under Article III of the Constitution, federal courts may address only actual cases or controversies. See Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013). "[A] case becomes moot when the issues presented are no longer 'live' or the parties lack a 'legally cognizable

2

interest in the outcome.'" Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). If a court can no longer provide the relief requested, even if it renders a favorable decision, a party lacks a legally cognizable interest in the proceeding. See Murphy, 455 U.S. at 481. There are two exceptions to the mootness doctrine: (1) where a litigant can show that he will suffer collateral consequences, and (2) where he raises an issue that is "'capable of repetition, yet evading review.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). An issue meets the second exception where the challenged action has such a short duration that it cannot be fully litigated before the action ceases and there is a "'reasonable expectation that the same complaining party would be subjected to the same action again.'" Id. (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)).

Here, Petitioner seeks reduction of his 84-month sentence to time-served. In its Response, the Government contends that because Petitioner has been released from custody, his § 2241 petition seeking release from custody is moot. The Court agrees. See McKinney-Bey v. Hawk-Sawyer, 69 F. App'x 113 (4th Cir. 2003) (holding that the § 2241 petition was moot where petitioner had already received the relief he requested—transfer to a halfway house). Petitioner's assertions of error in calculating the date of his release to a residential re-entry center or home confinement do not affect the term of his supervised release. See Maxey v. Warden, FCI Petersburg, No. 1:09-cv-443, 2010 WL 1703731, at *2 (E.D. Va. Apr. 26, 2010) (unpublished) (holding that supervised release was not a collateral consequence where the § 2241 petitioner sought release from custody). Furthermore, given Petitioner's release from custody, there can be no reasonable expectation that Petitioner would again be subjected to the conduct he complains of here. See Prado-Montero v. White, 820 F.2d 1220 (4th Cir. 1987)

(unpublished) (holding that mootness exceptions did not apply where the petitioner who sought credit against his sentence had already been released). Therefore, neither of the exceptions to the mootness doctrine applies. Accordingly, because Petitioner has already been released from custody, his § 2241 petition will be dismissed as moot.

### III. CONCLUSION

For the reasons stated herein, this action is dismissed as moot.

**IT IS, THEREFORE, ORDERED that:**

1. This action is dismissed as moot.

2. The Clerk is directed to terminate the case.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 2, 2015

Frank D. Whitney
Chief United States District Judge